UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

Anthony Threatt #182625,

        Plaintiff,         Case No. 2:09-cv-248

v.         Honorable R. Allan Edgar

Steven A. Ramey, et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I. Factual allegations

Plaintiff Anthony Threatt #182625, an inmate at the Baraga Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Legal Writer Steven A. Ramey, Women's Legal Services, MDOC Director Patricia Caruso, and Law Librarian Unknown Kero. Plaintiff alleges in his complaint that Defendants created and caused the procedural default in his criminal case and would like the courts to review his new eighteen issues. Plaintiff seeks damages and equitable relief.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff appears to be claiming that Defendants prevented him from raising certain claims before the state court in a timely manner. Plaintiff seeks to have his state court conviction reviewed based on eighteen issues he now seeks to raise. The federal courts are courts of limited jurisdiction, and Plaintiff has the burden of proving the Court's jurisdiction. *United States v. Horizon Healthcare*, 160 F.3d 326, 329 (6th Cir. 1998). Even where subject matter jurisdiction is not raised by the parties, the Court must consider the issue *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998); *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 189 (6th Cir. 1993).

This Court lacks subject matter jurisdiction over Plaintiff's claims. A federal district court has no authority to review final judgments of state court judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir.1998). Even constitutional claims which are inextricably intertwined with the state court decisions are not reviewable. *Feldman*, 460 U.S. at 483 n.16; *Rooker*

*v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir. 2000); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). A federal claim is inextricably intertwined with the state-court judgment "'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'" *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 391 (6th Cir. 2002) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998)) (other internal citations omitted); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."); *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002); *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492-93 (6th Cir. 2001); *Patmon*, 224 F.3d at 506-07. A defendant who loses in state court and then sues in federal court is asserting injury at the hands of the state court and his federal suit is making an impermissible attempt to obtain federal collateral review. *Garry v. Gels*, 82 F.3d 1362, 1367-68 (7th Cir.1996); *Stewart v. Fleet Financial Group*, No. 96-2146, 129 F.3d 1265, 1997 WL 705219, *1 (6th Cir. Nov. 4, 1997).

Plaintiff's claims are "inextricably intertwined" with decisions of the state courts because they amount to nothing more nor less than a "prohibited appeal" from the decisions of the Michigan state courts. *Peterson Novelties*, 305 F.3d at 390. Indeed, the Sixth Circuit previously has found that the *Rooker-Feldman* doctrine bars an action challenging the termination of parental rights in state court proceedings because such an action would be an attempted appeal from a state court

decision. *See Bodell v. McDonald*, No. 00-5679, 2001 WL 137557, at *2 (6th Cir. Feb. 7, 2001), *cert. denied*, 121 S. Ct. 2595 (2001); *accord Evans v. Yarbrough*. No. 00-3588, 2001 WL 1871701, at *2 (6th Cir. Dec. 13, 2000) (applying *Rooker-Feldman* to bar review of a decision by the state courts regarding parental visitation), *cert. denied*, 121 S. Ct. 1960 (2001). The recourse available to plaintiff in response to adverse state-court decisions was to pursue timely appeals in the Michigan Court of Appeals, thereafter seek leave to appeal to the Michigan Supreme Court, and if necessary apply for a writ of *certiorari* to the United States Supreme Court. *Gottfried*, 142 F.3d at 330 ("[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments.").

Because the *Rooker - Feldman* doctrine clearly precludes a lower federal court from reviewing state-law decisions, Plaintiff's case is dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. A claim dismissed the basis of the *Rooker-Feldman* doctrine is legally frivolous and constitutes a dismissal pursuant to 28 U.S.C. § 1915(g). *See Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994); *Parker v. Phillips*, No. 01-5325, 2001 WL 1450704 (6th Cir. 2001) (holding action to be frivolous under § 1915(g) where one ground for dismissal is *Rooker-Feldman*); *Carlock v. Williams*, No. 98-5545, 1999 WL 454880 (6th Cir. June 22, 1999) (same).

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   1/6/2010               */s/ R. Allan Edgar*
                                R. Allan Edgar
                                United States District Judge